## POPPY, ADMINISTRATOR, v. WALKER.

[No. 4,759.    Filed April 22, 1904.]

WILLS.—*Construction.*—A testator directed that the proceeds of the sale of certain property should be paid to his daughter-in-law, to be held by her during her lifetime, and at her death to be paid to her children, and that she should have the use, interest, and profits thereof for her maintenance and support, and if they were insufficient she should have the right to use so much of the principal as might be reasonably necessary. *Held,* that the court properly directed the administrator to pay the proceeds of the sale to her unconditionally.

From Noble Circuit Court; *J. W. Adair,* Judge.

From an order of court directing George W. Poppy as administrator of the estate of Henry Walker, deceased, to pay to Amelia Walker her share of decedent's estate unconditionally, the administrator appeals. *Affirmed.*

*H. G. Zimmerman,* for appellant.
*L. W. Welker,* for appellee.

ROBINSON, J.—A testator directed that the proceeds of the sale of certain property "shall be by my executor paid over to my daughter-in-law" (appellee), widow of a deceased son, "to be by her held and enjoyed during her natural lifetime, and at her decease said sum or amount so paid over to her shall be by my executor paid over to and vest" in two of the son's children, named; that the daughter-in-law "shall have the use, interest, income, and profits of said share of money or property so paid over or delivered to her for her life, for her maintenance and support and for the maintenance and support of her infant child Mabel, until the latter arrives at the age of twenty-one years; and I further direct that in case the said interest, income, and

profits shall be insufficient for said uses and purposes, that then she shall have the right to use so much of the principal of said share as may be reasonably necessary therefor." Upon filing his final report, the administrator with the will annexed paid to the clerk of the court the amount in his hands for distribution, including, as his report showed, the distributive share of appellee; and in his report he asked that the court order appellee to execute to the administrator her obligations with security for the return to him, or account to him by herself or personal representative, of the principal sum of such share at her decease, to be by him applied as the will directed; and that, in default thereof, the administrator be directed to invest the share and pay appellee the income thereof, and such portion of the principal as provided by the will. Upon exceptions filed by appellee, and a hearing, the court ordered the clerk to pay appellee her share unconditionally, and in other respects approved the report and discharged the administrator.

Conceding, without deciding, that the court's order is one from which the administrator might appeal, the order is right so far as the administrator is concerned. He was directed by the will to pay the money to appellee, not to some trustee for her use, nor was it to be invested for her. The payment is to be made by him to her unconditionally, and she is not only to have the use and income of the principal for the support and maintenance of herself and child, but for such uses and purposes she may use such of the principal as may be reasonably necessary. What title she took is of no concern to the administrator, and need not here be discussed. When he made the payment as the will directs and is discharged by the court, his responsibility ends.

Judgment affirmed.